## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JAMES RUBIN and** | ) Case No.: 5:23-cv-02324 |
| **MARYDONNA RUBIN** | ) |
| 3927 Ashford St NW, | ) Honorable Judge |
| Canton, OH 44718 | ) Charles E. Fleming |
| | ) |
| Plaintiffs, | ) Honorable Magistrate |
| | ) Judge Jonathan D. Greenberg |
| vs. | ) |
| | ) |
| **THE CITY OF MASSILLON, OHIO** | ) |
| Two James Duncan Plaza | ) **FIRST AMENDED COMPLAINT** |
| Massillon, OH 44646 | ) |
| | ) Declaratory Judgment; 42 U.S.C. § |
| Defendant. | ) 1983; Preliminary Injunction; Quiet |
| | Title |

Plaintiffs, James and MaryDonna Rubin ("Plaintiffs" or "the Rubins"), by and through counsel, and, for its Complaint against Defendant City of Massillon ("Defendant" or "the City") states as follows:

## THE PARTIES

1. Plaintiffs are Ohio residents, residing at 3927 Ashford St NW in Jackson Township in Stark County.

2. Plaintiff James Rubin ("Mr. Rubin") is the owner of real property at 125 and 129 Lincoln Way West in the City of Massillon in Stark County (the "Properties").

3. Defendant is the City of Massillon, which is located in Stark County.

4. Mr. Rubin was the owner of two buildings located on his properties at 125 and 129 Lincoln Way West (the "Buildings").

1

5. The buildings were acquired in 1978. 125 Lincoln Way was the home of the Rubin's business, Howard's Tiger Rags, locally famous for its Massillon football attire. 129 Lincoln Way was used for years as Laid-Back Records. Later, it was used by Howard's Tiger Rags for tuxedo wear and, finally, as a warehouse.

6. The Rubins invested well over $200,000 over the years for the acquisition and maintenance of the Buildings to the City's standards and far more than that in taxes and other expenses.

7. In 2021, the City informed Mr. Rubin that it had determined that the building at 129 Lincoln Way West was no longer structurally sound and was at risk of collapse. The City never properly made such a determination as to 125 Lincoln Way West, in violation of the procedures required by Massillon Codified Ordinance § 1307.06.

## JURISDICTION AND VENUE

8. Plaintiffs incorporate by reference each and every allegation above as though fully rewritten herein.

9. This is a civil action pursuant to Ohio Rule of Civil Procedure 3(A).

10. Venue is proper in this county pursuant to Ohio Rule of Civil Procedure 3(B).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11. Plaintiffs incorporate by reference each and every allegation above as though fully rewritten herein.

12. When the problems with the Buildings were recognized, the City at first represented that it wanted to help Mr. Rubin.

13. David Maley, the City of Massillon's Economic Development Director ("Mr. Maley"), informed the Rubins that there was a grant potentially available through the State of

Ohio's Department of Development's Demolition and Site Revitalization Program for which the City wanted to apply that would provide funding for the demolition of the Buildings ("the Grant").

14. Mr. Maley further informed the Rubins that time was short to apply for the Grant, but that with the immediate consent and help of the Rubins, the Grant would entirely pay for the demolition of the Buildings that the City was demanding.

15. Mr. Maley represented to the Rubins that if the City received the Grant for the demolition, the City would demolish the buildings at no cost to the Rubins.

16. The City knew or should have reasonably foreseen that the Rubins would rely on the promise made on their behalf by Mr. Maley.

17. In reliance on the City's agreement not to seek reimbursement from the Rubins for the demolition costs and expenses covered by the Grant, the Rubins cooperated fully with the City, providing all of the information the City requested for the Grant application and providing their consent for the demolition. In particular, on January 11, 2022, the Rubins provided the City with their written consent for the demolition for inclusion in the Grant application within the time limitations, enabling the City to obtain the Grant. A true and accurate copy of the Rubins' written consent is attached hereto as Exhibit A. Without such representations, the Rubins would never have consented to demolition and the City would never have received the grant.

18. The Rubins' reliance on Mr. Maley's representations were reasonable as he was and is the City's Economic Planning Director and, as such, was authorized to act on the City's behalf.

19. All relevant City officials, including the Mayor and members of City Council, were made aware of the representations made to the Rubins regarding their cooperation with the grant application in exchange for the grant covering the demolition costs.

20. The City used the Rubins' written consent as part of their Grant application to the State of Ohio. A true and accurate copy of the Grant application is attached hereto as Exhibit B.

21. The Grant application was successful, and the funds for the demolition were allocated by the Ohio Department of Development's Building Demolition and Site Revitalization Program, to be distributed through the Stark County Land Reutilization Corporation (the "SCLRC").

22. After receiving approval for the Grant from the SCLRC, the City entered into a Demolition and Site Revitalization Program Agreement with the SCLRC on February 15, 2022.

23. In February 2023, the Buildings were demolished.

24. Massillon Codified Ordinance § 1307.06(f) allows the City to cause demolition and impose a lien on the effected property if the proper procedures have been followed:

> If the Board of Building Appeals sustains or modifies a Motion of the Building Inspection Superintendent which calls for demolition of a structure or premises or part thereof, and the owner, agent, occupant or operator fails in the time prescribed to complete the same to the satisfaction of the Board, the Board may cause demolition thereof and shall certify the cost and expense of the demolition … as a lien.

25. With respect to 125 Lincoln Way West, the City never followed the proper procedures outlined in Massillon Codified Ordinance § 1307.06 prior to demolition. Accordingly, the City is not entitled to recover the cost and expense of the demolition of 125 Lincoln Way West from Mr. Rubin.

26. On May 9, 2023, the City requested a reimbursement from the SCLRC for the demolition costs and expenses. This request was approved, and the City was fully reimbursed

4

for the costs and expenses of the demolitions. A true and accurate copy of the request for payment and of a check in the amount of $184,808.28, representing reimbursement of the costs and expenses of the demolition of the Buildings, from the SCLRC to the City of Massillon, is attached hereto as Exhibit C.

27. Because the Grant fully reimbursed the City for the costs and expenses of demolition of the Buildings, the City has been left with no "costs and expenses" for which they are permitted by Ordinance § 1307.06(f) to place liens on the Properties.

28. Nevertheless, despite the City's failure to follow the procedure laid out by its own ordinance with respect to 125 Lincoln Way West, as well as its full recovery of the costs and expenses of the demolition of both of the Buildings, and in contradiction to their promise not to do so, the City demanded duplicate payment of the demolition costs and expenses by Mr. Rubin on June 9, 2023 and threatened to put liens on the Properties if Mr. Rubin does not pay the City's demand. A true and accurate copy of the demand letter is attached hereto as Exhibit D.

29. In January 2024, the Rubins received their tax bills for the Properties. These tax bills reflect liens for special assessments for "Demolition Massillon," with a due date of February 24, 2024. True and accurate copies of the tax bills are attached hereto as Exhibit E.

30. The Rubins' good faith reliance on the City's representation that if they consented to the demolition and assisted in the Grant application process, the City would not seek reimbursement of demolition costs and expenses covered by the Grant, was to the Rubins' detriment. The demolitions have damaged Mr. Rubin by leaving him with vacant land. In addition, the Rubins have been damaged by the loss of their capital investment in the Buildings and loss of income from having to relocate the Howard's Tiger Rags business. Now, they have been further damaged by the placement of liens on the property for the demolition costs, and, if

they do not promptly pay the liens, they will be charged penalties. All of these damages, plus interest and legal fees, in an amount to be determined at trial, are a direct and proximate result of their detrimental reliance on the promise made by the City and the City's refusal to follow its own ordinance, which does not allow them to make a double recovery of the costs and expenses of demolition.

31. Further, included in the amount demanded from Mr. Rubin are two charges, totaling $11,035, that are not for the demolition work but for repair of damage to an adjacent building caused by the wrecking company hired by the City. That company was required by the City to have insurance. The actions of the wrecking company in improperly damaging the adjacent building were the proximate cause of the incurring of this cost and not reasonably attributable to Mr. Rubin as the owner of the Buildings.

32. Accordingly, even if the City were permitted under its ordinance to recover the $11,035 costs from anyone in addition to the reimbursement it received from the Grant, the proper responsible party would be the wrecking company or its insurer, not Mr. Rubin.

33. Plaintiffs have a bona fide buyer who has agreed to purchase and develop the Properties. A true and accurate copy of the Agreement between A. Altman Company and Mr. Rubin is attached hereto as Exhibit F. A. Altman Company wishes to buy these Properties in the City's downtown and has a tenant prepared to develop them to productive use, which would be in the best interests of both the Rubins and the community of Massillon. However. A. Altman Company is not able to purchase the Properties while these large liens are attached to them for amounts for which the City has already been paid. Accordingly, the sale of the Properties has been held up by the City's threats.

34. The City is aware that Plaintiffs have this Agreement with A. Altman, and that A. Altman has a tenant ready to redevelop the Properties if the liens on the Properties are removed. On October 6, Plaintiffs reached out again to the City to inquire whether all contractors for the demolition have been paid and to again notify the City about the agreement with A. Altman to sell the Properties to them for redevelopment by their customer and to make clear again to the City that the redevelopment is being held up by the City's lien threats, and now the actual liens. A true and accurate copy of the letter from Plaintiffs' counsel to Assistant Law Director Edmond Mack is attached hereto as Exhibit G. As of the time of the filing of this Complaint, the City has not responded to Plaintiffs' inquiry other than to add these liens to the Rubins' tax bills.

35. Having demolished the Rubins' buildings and displaced their longstanding business, the City now seeks to profit off of the Rubins' loss by holding their Properties hostage until they have received a double recovery of demolition expenses. These actions by the City are causing further, ongoing damage to Plaintiffs as a result of their reasonable reliance on the City's representations that it was willing to work together with Plaintiffs to further the best interests of the community.

## COUNT I

### (Declaratory Judgment Pursuant to O.R.C. § 2721.03)

36. Plaintiffs incorporate by reference each and every allegation above as though fully rewritten herein.

37. A controversy exists between the parties regarding whether the City can collect for the costs and expenses of the demolition of the Buildings from Mr. Rubin under Massillon Codified Ordinance § 1307.06(f) when the City did not follow its own procedures under that

7

Ordinance with respect to 125 Lincoln Way West and when the City has already been reimbursed for those costs and expenses.

38. A controversy also exists between the parties regarding whether the City can collect $11,035 from Mr. Rubin when that cost is attributable to a wrecking company erroneously damaging an adjacent building.

39. Under Ohio Revised Code § 2721.03, Plaintiff Mr. Rubin is entitled to a declaration by this Court that (a) pursuant to Massillon Codified Ordinance § 1307.06, the City is not entitled to recover from Mr. Rubin costs and expenses related to 125 Lincoln Way West when it failed to follow its own procedures for notice and hearing prior to demolition; (b) pursuant to Massillon Codified Ordinance § 1307.06(f), the City may not demand duplicate payment by Mr. Rubin of the costs and expenses of demolition that have already been reimbursed by the Grant; (c) the City may not recover from Mr. Rubin the $11,035 attributable to damage erroneously caused by the wrecking company for the additional reason that these costs should be borne by the wrecking company, who proximately caused the damage, or its insurer; and (d) because the City is not entitled under its own ordinance to recovery of the demolition costs and expenses by way of collection from Mr. Rubin, the City must remove the liens on the Properties.

## COUNT II

**(42 U.S.C. § 1983)**

40. Plaintiffs incorporate by reference each and every allegation above as though fully rewritten herein.

41. 42 U.S.C. § 1983 states in part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

8

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42. Mr. Rubin is a person under 42 U.S.C. § 1983.

43. The City is a person under 42 U.S.C. § 1983.

44. It is well-established law "that the value of property and the rights protected by the Fourteenth Amendment arise not from the mere possession of the property but rather from its use." *Superior Sav. Ass'n v. City of Cleveland*, 501 F. Supp. 1244, 1248 (N.D. Ohio 1980)

45. The City has, without providing due process, deprived Mr. Rubin of his constitutionally-protected rights with respect to the Properties by demolishing the building at 125 Lincoln Way West without proper notice and hearings as provided in the City's own Ordinance § 1307.06(a)-(e). When a city demolishes a building without providing proper hearing per its own ordinances, it has violated the property owner's due process rights. *See Superior Sav. Ass'n,* 501 F. Supp. at 1250.

46. In addition, the City's threat and subsequent action to place liens for the demolition costs and expenses on both Properties has interfered with Mr. Rubin's constitutionally-protected right to the use of his property by preventing Mr. Rubin from completing a sale of the Properties to a bona fide buyer who wishes to purchase the Properties if they are free of liens.

47. The City's actions described in this Complaint were under color of a statute, ordinance, regulation, custom, or usage of the State of Ohio.

9

48.     The City is liable to Mr. Rubin for damages, including but not limited to punitive damages, in an amount likely to exceed $25,000.00.

## COUNT III

### (Slander of Title)

49.     Plaintiffs incorporate by reference each and every allegation above as though fully rewritten herein.

50.     The City has maliciously, knowingly, and in bad faith published, by means of public letters, its intention to improperly and illegally place liens on the Properties for costs and expenses already reimbursed by the Grant.  See Exhibit D.  The City's statements regarding Plaintiffs' liability for demolition costs and expenses the City has already recovered are false and disparaging of Mr. Rubin's title.

51.     The City has now further maliciously, knowingly, and in bad faith published liens for amounts it is not entitled to collect on the Properties for costs and expenses already reimbursed by the Grant.  See Exhibit E.  The City's statements regarding Plaintiffs' liability for demolition costs and expenses the City has already recovered are false and disparaging of Mr. Rubin's title.

52.     The City continues to slander Mr. Rubin's title by threatening to and then taking action to place liens on the Properties, despite its knowledge that Mr. Rubin's sale of the Properties to A. Altman for redevelopment by its customer cannot go forward with the threat of these substantial liens looming over it.  See Exhibit G.  The City's continued threat to and now action to place liens on the Properties has been disparaging to Mr. Rubin's title and has been made with malice and/or reckless disregard to the falsity of the City's claims to entitlement of a double recovery.

53. These actions by the City have resulted in actual and special pecuniary losses to Plaintiffs, including but not limited to lost profits and other damages relating to Plaintiffs' inability to sell, develop, or finance the Properties with the liens on them, such amount being in excess of $25,000.00.

54. Plaintiffs are entitled to equitable relief, enjoining the City from continuing to slander their title by attempting to collect against Plaintiffs for costs and expenses of demolition for which the City has already been reimbursed and ordering that the City remove the liens from the Properties.

## COUNT IV

### (Quiet Title)

55. Plaintiffs incorporate by reference each and every allegation above as though fully rewritten herein.

56. As outlined above, certain issues have arisen concerning title to the Properties, which now have tax liens wrongfully attached to them by the City. These wrongful liens are preventing Plaintiffs from exercising their right to sell the Properties.

57. A declaration of the rights of the Plaintiffs to the Properties will terminate these issues and prevent Plaintiffs from suffering irreparable damages through deprivation of the full ownership and use of the Properties.

## COUNT V

### (Unjust Enrichment)

58. Plaintiffs incorporate by reference each and every allegation above as though fully rewritten herein.

59. By consenting to the demolition of the Buildings, and assisting the City in the grant application process, the Plaintiffs conferred a benefit on the City, with the understanding and assurance that, in return, the City would use the grant funds for the demolition of the Buildings and not seek to recover demolition costs and expenses from the Plaintiffs.

60. Now, having knowingly retained and continuing to retain the benefit of the Plaintiffs' consent and assistance with the grant application and the proceeds of the Grant, the City has reneged on that deal and is trying to confer upon itself a double recovery of demolition costs and expenses.

61. The City has no rightful claim to a double recovery of demolition costs and expenses in this matter, and it would be unjust for the City to retain the benefit conferred on it by the Plaintiff while reneging on its agreement not to seek such a double recovery at Mr. Rubin's expense.

62. Plaintiffs are entitled to temporary and permanent injunctive relief enjoining the City from continuing to seek such an improper double recovery by attempting to collect demolition costs and matters and ordering that the City remove the liens on the Properties.

## **COUNT VI**

### **(Injunctive Relief)**

63. Plaintiffs incorporate by reference each and every allegation above as though fully rewritten herein.

64. By seeking a double reimbursement of the costs and expenses of the demolition of the Buildings, improperly demanding payment for damage proximately caused by the wrecking company, and threatening to and now taking action to improperly attach liens for the same on the

Properties, the City has interfered with and violated Mr. Rubin's constitutional right to the full use and enjoyment of the Properties.

65. The City has slandered Mr. Rubin's titles to the Properties by improperly placing liens on the Properties for amounts the City is not entitled to collect from Mr. Rubin under Massillon Codified Ordinance § 1307.06(f), since the City has not incurred any unreimbursed costs and expenses from the demolition of the Buildings, for amounts that are outside the scope of reasonable demolition costs and expenses and properly attributable to the wrecking company, not to Mr. Rubin, and for the costs and expenses of demolishing 125 Lincoln Way West without providing due process per its own ordinances.

66. Unless this Court enjoins the City from making further collection efforts against Mr. Rubin and orders the removal of the liens on the Properties, the City will continue to interfere with Mr. Rubin's constitutionally-protected property rights, preventing the sale of the Properties, thereby causing irreparable harm to Mr. Rubin, for which Mr. Rubin will have no adequate remedy at law.

67. Mr. Rubin is entitled to temporary and permanent injunctive relief enjoining the City from further collection efforts of costs and expenses related to the demolition of the Buildings, including but not limited to further demands for payment and ordering the removal of the liens on the Properties.

**WHEREAS**, Plaintiffs demand judgment from Defendant as follows:

A. Enjoining and restraining the Defendant and/or any representative, employee, agent, servant, or those otherwise associated with Defendant from directly or indirectly, seeking to recover costs and expenses related to the demolition of the Buildings from Plaintiff Mr. Rubin, including but not limited to making further demands for payment;

13

B. Ordering the immediate removal of the improper "Special Assessment" liens for demolition costs from the Properties and quieting title to the Properties;

C. Declaring that Mr. Rubin is not liable for any costs and expenses related to the demolition of the Buildings;

D. Awarding damages, including punitive damages, to Mr. Rubin against the City for the violations under 42 U.S.C. § 1983 in an amount exceeding $25,000.00 as determined by a jury at trial plus interest as set by the Ohio Rev. Code;

E. For expenses, costs, interest and attorneys' fees related to the violations under 42 U.S.C. § 1983; and

F. For any other relief that this court deems just.

                                            Respectfully submitted,

                                            */s/ Mark J. Skakun*
                                            Mark J. Skakun (#0023475)
                                            Erin L. Dickinson (#0079312)
                                            BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC
                                            4277 Munson St. NW
                                            Canton, Ohio 44718
                                            Telephone: (330) 492-8717
                                            Fax: (330) 492-9625
                                            Email: mskakun@bdblaw.com
                                                      edickinson@bdblaw.com
                                            **Attorneys for Plaintiffs**
                                            **James and MaryDonna Rubin**

## JURY DEMAND

The Rubins demand a trial by jury for the claims raised under 42 U.S.C. § 1983 and for Counts III and IV by the maximum number of jurors allowed by law.

                                            Respectfully submitted,

                                            */s/ Mark J. Skakun*
                                            Mark J. Skakun (#0023475)

        Erin L. Dickinson (#0079312)
        BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC
        4277 Munson St. NW
        Canton, Ohio 44718
        Telephone:  (330) 492-8717
        Fax:  (330) 492-9625
        Email: mskakun@bdblaw.com
           edickinson@bdblaw.com
        **Attorneys for Plaintiffs**
        **James and MaryDonna Rubin**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8thth day of February, 2024, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Mark J. Skakun*
Mark J. Skakun (#0023475)

4886-3136-0931, v. 1